October 10, 1978

## 78-56   MEMORANDUM OPINION FOR THE GENERAL COUNSEL, LAW ENFORCEMENT ASSISTANCE ADMINISTRATION

### Government Officers and Employees—Standards of Conduct (28 CFR 45.735.12)—Outside Employment—Teaching Law School Course

This is in response to your request for our advice whether you may teach a course at George Washington University Law School next spring on the subject of Federal grant-in-aid programs. We understand that you would receive a standard fee of approximately $1,000 for the course, which will meet twice weekly for a period of 15 weeks. You have informed us that the course will deal with Federal grant programs generally and will touch only incidentally on matters relating to the Law Enforcement Assistance Administration (LEAA).

The Department's regulations provide that no employee may receive compensation for any writing, teaching, or similar activity "the subject matter of which is devoted substantially to the responsibilities, programs, or operations of the Department, or which draws substantially on official data or ideas which have not become part of the body of public information." 28 CFR 45.735.12(b). The general subject of Federal grants-in-aid may be thought to touch on the activities of your Agency—a major grantor Agency—and therefore on the activities of the Department. However, because your course will not concentrate on LEAA-related matters, we do not think it should be deemed to be "devoted substantially to the responsibilities, programs, or operations of the Department" in the specific sense that the regulation was intended to impart.

· We believe this construction of the regulation is consistent with § 202 of Executive Order No. 11222, which notes that teaching, lecturing, and writing by Federal employees are generally to be encouraged, although any appearance of conflict of interest is of course to be avoided. A Federal employee will naturally be requested and inclined to teach in an area of his professional expertise. To this extent, teaching may always be related to the activities of the employing Government agency. In our view, it is only where the course focuses more specifically on departmental responsibilities, where the employee

may be perceived as conveying departmental policy, where the fee is out of line with the effort entailed, *see also* 28 CFR 45.735.2(c)(1), or where the activity interferes with the performance of official duties, *see also* 28 CFR 45.735.9(d)(1), that teaching should be discouraged.

Absent the above factors and without the use of confidential information, we see no objection to your teaching the course and receiving the fee therefor.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
